UNITED STATES DISTRICT COURT EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL HERNANDEZ, ) | 1:09-cv-00341 AWI YNP [DLB] (HC) |
| Petitioner, ) | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. ) | |
| CHRIS JORDAN, Sheriff, Kings County, ) | |
| Respondent. ) | |

Petitioner is currently confined in the Kings County Jail, pending trial. Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases[1] provides in pertinent part:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

---

[1] Although Rule 4 and the other Rules Governing Section 2254 Cases were adopted for petitions for writs of habeas corpus pursuant to 28 U.S.C. § 2254, Rule 1(b) expressly provides, "In applications for habeas corpus in cases [not by a person in custody pursuant to a judgment of a state court], these rules may be applied at the discretion of the United States district court." Fed. R. Civ. P. 81(a)(2) provides that the civil rules are "applicable to proceedings for...habeas corpus...to the extent that the practice in such proceedings is not set forth in the statutes of the United States and has heretofore conformed to the practice of civil actions." Further, Rule 11 of the Rules Governing Section 2254 Cases states, "The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with these rules, may be applied, when appropriate, to petitions filed under these rules." The Court has customarily applied Rule 4 in habeas proceedings brought pursuant to both §§ 2254 and 2241.

1  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of
2  habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to
3  dismiss, or after an answer to the petition has been filed.
4       In this case, the determinative issue is whether comity and federalism preclude this Court
5  from intervening in the State's criminal prosecution of Petitioner prior to trial. "As an exercise of
6  judicial restraint . . . federal courts elect not to entertain habeas corpus challenges to state court
7  proceedings until habeas petitioners have exhausted state avenues for raising federal claim[s]."
8  Carden v. State of Montana, 626 F.2d 82, 83 (9th Cir.1980). Where, as in this case, a petitioner
9  seeks pre-conviction habeas relief, "the exhaustion doctrine serves two purposes: (1) to avoid
10 isolating state courts from federal constitutional issues by assuring those courts an ample
11 opportunity to consider constitutional claims; and (2) to prevent federal interference with state
12 adjudication, especially state criminal trials." Id. at 83; see Braden v. 30th Judicial Circuit Court of
13 Kentucky, 410 U.S. 484 (1973). In Braden, the Supreme Court reaffirmed the established rule
14 that federal adjudication of an affirmative defense prior to a state criminal trial violated the second
15 of these two purposes and was thus prohibited by principles of comity unless the Petitioner could
16 show that "special circumstances" warranted federal intervention. Carden, 626 F.2d at 83,
17 *quoting* Braden, 410 U.S. at 489. The "special circumstances" exception to the general rule
18 against federal pre-conviction intervention was set out by the Supreme Court in Perez v.
19 Ledesma:

> Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith and without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate.

410 U.S. 82, 85 (1971). Petitioner's claims fall well short of the above standards.

     Petitioner alleges that he was unlawfully arrested and is being unlawfully restrained in violation of the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments. (Pet. at 2-3). Petitioner also claims that he has been denied substantive and procedural due process. (Pet. at 3). These claims are all unexhausted. Petitioner seems to have raised the issues with the Lemoore Police Department but not with any state court. Moreover, as stated above, this Court is required

to exercise judicial restraint pursuant to the exhaustion doctrine. Comity and federalism preclude this Court from intervening in the State's criminal prosecution of Petitioner unless Petitioner can demonstrate "special circumstances" which would warrant federal intervention. Petitioner's arguments do not satisfy this exception. Petitioner does not provide any instance which demonstrates and proves harassment or prosecutions undertaken by state officials in bad faith.

The petition for writ of habeas corpus currently before this Court contains unexhausted claims. The Court should dismiss such a petition. 28 U.S.C. § 2254(b)(1).

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be DISMISSED without prejudice. Petitioner is forewarned that there is a one-year limitations period following the conclusion of direct review in which Petitioner must file a federal petition for writ of habeas corpus. 28 U.S.C. §2244(d)(1).

This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 2, 2009**          /s/ Dennis L. Beck
                                       UNITED STATES MAGISTRATE JUDGE